The STATE of Utah, Plaintiff
and Respondent,

v.

Albert Mont REDFORD, Defendant
and Appellant.

No. 14955.

Supreme Court of Utah.

Oct. 4, 1978.

David J. Knowlton, Ogden, for defendant
and appellant.

Robert B. Hansen, Atty. Gen., Michael L.
Deamer, Earl F. Dorius, Asst. Attys. Gen.,
Salt Lake City, Robert L. Newey, Weber
County Atty., Ogden, for plaintiff and re-
spondent.

WILKINS, Justice:

Defendant appeals from his conviction of
manslaughter and attempted manslaugh-
ter.[1] He was sentenced by the District
Court for Weber County to the Utah State
Prison for terms of not less than one nor
more than fifteen years on the first count
and not more than five years on the second
count. Affirmed. No costs awarded.

On August 20, 1976, defendant killed his
wife with a shotgun. Minutes later, he shot
at his daughter. The police arrived and
found defendant on his bed with the shot-
gun and took him into custody. When
questioned about the evening's events, he
was not able to recall anything, although he
did express concern over the welfare of his
daughter. Several days later he was given
a psychiatric evaluation. Two days after
the shootings, defendant had a conversation
with his step-son discussing the incident,
which is the subject of this appeal.

Defendant's basic contention on appeal is
that the District Court erred by denying his
motion for mistrial based upon prosecutori-
al misconduct resulting from testimony giv-
en by Jay Sevy, step-son of the defendant,
in response to the prosecution's question
concerning the telephone conversation be-
tween defendant and his step-son two days
after the shooting. The witness testified,
"I told him that he knew what he had done
when he killed [M]om, and he said, 'My two
lawyers say that I don't know what I done,'
he kind of snickered."

1. The respective sections are: Utah Code Annotated, 1953, Secs. 76–5–205 and 76–4–101, as
amended.

Defendant asserts the error resulting from this testimony was two-fold: first, it suggested to the jury that defense counsel was involved in the fabrication of a defense; and second, it constituted an attempt to compel defense counsel to testify in order to refute that implication or to withdraw as counsel pursuant to Canon 5 of the *Revised Rules of Professional Conduct* of the Utah State Bar.

In order to alleviate any implication that defense counsel was involved in constructing a false defense, an uncontested stipulation was entered into and presented to the jury stating that defense counsel had no contact with defendant and knew of no other attorney who had contact with him until after he had spoken to his step-son and the defense counsel did not advise him to falsely claim amnesia or fabricate a defense. During the cross-examination of defendant's step-son, as well as during closing argument, defense counsel commented—in essence—that defendant never had two lawyers and did not retain counsel until two days after the conversation. Also, it is noted that no objection was made when the testimony of the step-son which triggered this appeal unfolded.

Further, defendant's contention that the prosecution introduced this testimony to coerce defense counsel to testify or withdraw is without merit. The very purpose of the stipulation was to alleviate any possibility that defense counsel would have to testify.

Our review of the record discloses that no error, as claimed by defendant, occurred.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.